UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MENDOZA, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WESTERN WATER FEATURES, INC., a California corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | No. 2:23-cv-01923-KJM-JDP<br><br>ORDER |

In this putative employment class action suit, plaintiff Jose Mendoza alleges defendants Western Water Features, Inc. and Does 1-25 violated several provisions of the California Labor Code and the California Business and Professions Code. Defendant Western Water Features, Inc., removed this case from the Sacramento County Superior Court. The parties have filed several motions, all of which are pending before the court: plaintiff's motion to remand and defendant's motion to dismiss and motion to compel arbitration. The court takes the matters under submission without holding a hearing, **grants** plaintiff's motion to remand and **denies** defendant's motion to dismiss and motion to compel arbitration as moot.

1

## I.  BACKGROUND

Defendant Western Water Features, Inc. employed plaintiff Jose Mendoza as a "non-exempt, hourly-paid" laborer from approximately December 2021 to August 2022.  First Am. Compl. (FAC) ¶ 34, ECF No. 1-7.  During Mendoza's employment, a collective bargaining agreement was in effect.  Schimmel Decl. in Support of Mot. Remand ¶ 2, ECF No. 10-1; *see* Collective Bargaining Agreement (CBA), ECF No. 1-5.[1]  Among other claims, plaintiff alleges defendant Western[2] failed to provide rest breaks as required by state law and failed to adhere to applicable provisions of the California Labor Code and Industrial Welfare Commission (IWC) Wage Orders.  FAC ¶ 35.  Specifically, plaintiff's rest break claims allege a violation of Labor Code section 226.7 and IWC Wage Order 16-2001 section 11.  *See id.* ¶¶ 68–77; Mot. Remand at 6, ECF No. 10.[3]

Under Labor Code section 226.7, an employer cannot require employees to work during rest or recovery periods mandated by an applicable order of the IWC.  Cal. Lab. Code § 226.7(b).  Mandated rest or recovery periods must be "counted as hours worked, for which there shall be no deduction from wages."  *Id.* § 226.7(d).  "If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."  *Id.* § 226.7(c).  This provision, however, does not apply to an employee who is exempt from rest period requirements under an order of the IWC.  *Id.* § 226.7(e).

Under the applicable IWC Wage Order, an employer must "authorize and permit all employees to take rest periods . . . at the rate of ten (10) minutes net rest time for every four (4)

---

[1] The court **grants** defendant's unopposed request to take judicial notice of the collective bargaining agreement governing the parties.  Def.'s Req. Judicial Notice, ECF No. 8-1; *see Garza v. WinCo Holding, Inc.*, No. 20-01354, 2022 WL 902782, at *3 (E.D. Cal. Mar. 28, 2022) ("Courts regularly take judicial notice of collective bargaining agreements . . . when the documents are 'not subject to reasonable dispute.'"); Fed. R. Evid. 201(b)(2).

[2] Plaintiff also names Doe defendants but has not identified any by name at this point.

[3] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

2

hours worked, or major fraction thereof." Cal. Code Regs. tit. 8, § 11160(11)(A) (2023). "Rest periods need not be authorized in limited circumstances when the disruption of continuous operations would jeopardize the product or process of the work." *Id.* § 11160(11)(B). However, an employer must "make-up the missed rest period within the same work day or compensate the employee for the missed ten (10) minutes of rest time at his or her regular rate of pay within the same pay period." *Id.* Employers do not need to authorize rest periods "for employees whose total daily work time is less than three and one-half (3 ½) hours." *Id.* § 11160(11)(C). If an employer does not provide the required rest period, the employer must "pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period was not provided." *Id.* § 11160(11)(D). Section 11160(11)(D) provides a valid CBA will prevail in cases where the CBA "provides final and binding mechanism for resolving disputes regarding enforcement of the rest period provisions[.]" *Id.* Additionally, the rest period provision of the Wage Order does "not apply to any employee covered by a valid collective bargaining agreement if the collective bargaining agreement provides equivalent protection." *Id.* § 11160(11)(E).

Here, the CBA governing plaintiff's employment also includes a provision providing similar rest periods. The CBA provides employees must authorize and permit all employees to take a rest break "of at least ten (10) minutes for each four (4) hours of work or major portion thereof" in accordance with the IWC. CBA art. XIV ¶ 93(B). If the employer does not provide the applicable rest period, the employer must "compensate the employee one (1) hour of wages and fringe benefits at the employee's regular rate of compensation for each workday that the rest period was not provided." *Id.* The CBA provides all disputes concerning rest periods are subject to a grievance procedure. *Id.* ¶ 93(D); *see also id.* art. XI. However, unlike the IWC Wage Order, the CBA does not include provisions stating: 1) an employer must "make-up the missed rest period within the same work day or compensate the employee for the missed ten (10) minutes of rest time at his or her regular rate of pay within the same pay period," Cal. Code Regs. tit. 8, § 11160(11)(B), and 2) employers do not need to authorize rest periods "for employees whose total daily work time is less than three and one-half (3 ½) hours," *id.* § 11160(11)(C).

On June 30, 2023, plaintiff filed his complaint in the California Superior Court for the County of Sacramento, ECF No. 1-4; Schimmel Decl. ¶ 3, and he filed an amended complaint on September 6, 2023, *see* FAC; Schimmel Decl. ¶ 4. Plaintiff brings nine claims against defendant individually and on behalf of a putative class; in relevant parts, plaintiff alleges defendant failed to provide rest breaks in violation of California Labor Code section 226.7 (claim four) and seeks civil penalties under the Private Attorneys General Act (PAGA) based on numerous alleged California Labor Code violations, including violation of section 226.7 (claim 9). *See generally* FAC. On September 7, 2023, defendant removed the case to this court based on federal question jurisdiction. Notice of Removal at 2–3, ECF No. 1. Defendant argues plaintiff's rest period claims underlying the fourth and ninth claims are preempted by section 301 of the Federal Labor Management Relations Act (LMRA) because plaintiff's right to rest periods is covered by a collective bargaining agreement. *Id.*

Defendant also moves to dismiss plaintiff's fourth claim and portions of the ninth claim relating to rest period violations, on federal preemption grounds. Mot. to Dismiss (MTD), ECF No. 8. Defendant moves to compel arbitration in accordance with the governing CBA. Mot. Compel Arbitration, ECF No. 9. Concurrently, plaintiff moves to remand the case to state court and asserts the court lacks subject matter jurisdiction because his rest break claims are not preempted by the LMRA. Mot. Remand. All three motions are fully briefed. *See* MTD; MTD Opp'n, ECF No. 13; MTD Reply, ECF No. 19; Mot. Compel Arbitration; Mot. Compel Arbitration Opp'n, ECF No. 16; Mot Compel Arbitration Reply, ECF No. 18; Mot. Remand; Mot. Remand Opp'n, ECF No. 12; Mot. Remand Reply, ECF No. 21. As a court with limited jurisdiction, this court must first determine whether it has subject matter jurisdiction over this action. *See Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 653–54 & n.9 (9th Cir. 2002). Accordingly, the court considers the motion to remand first and grants the motion.

**II.   LEGAL STANDARD**

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a).

There are two primary bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.

Under § 1331, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "Notwithstanding this rule, when a federal statute wholly displaces state law and provides the exclusive cause of action for a plaintiff's requested relief, we must 'recharacterize a state law complaint . . . as an action arising under federal law.'" *Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 64 (1987)). Federal question jurisdiction thus exists when a federal law "completely preempts" a state cause of action. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 24 (1983). Federal question jurisdiction, however, cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

"In general, removal statutes are strictly construed against removal . . . and any doubt is resolved against removability." *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). The defendant always has the burden of establishing removal is proper, and jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

**III.   DISCUSSION**

Defendant removed this case on federal preemption grounds. *See* Notice of Removal. It argues plaintiff's rest break claims are preempted by section 301 of the Labor Management Relations Act (LMRA). *See id.* at 2–3. Section 301 provides "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States[.]" 29 U.S.C. § 185(a). "Although § 301 contains no express language of preemption, the Supreme Court has long interpreted the LMRA as authorizing federal courts to create a uniform body of federal common law to adjudicate disputes that arise out of labor

contracts." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019).  Section 301 has "extraordinary pre-emptive power" such that "a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to a federal court." *Id.* at 1152 (citing *Metro. Life Ins. Co.*, 481 U.S. at 65).  However, "§ 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." *Id.* (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994)).

The Ninth Circuit prescribes a two-part test to determine whether section 301 preemption applies. *Id.*  First, courts ask whether the state law claim involves a "right [that] exists solely as a result of the CBA." *Id.* at 1152 (quoting *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016)).  If yes, the claim is preempted. *Id.* at 1153 (citing *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007)).  If not, courts must ask "'whether a plaintiff's state law right is substantially dependent on analysis of the CBA,' which turns on whether the claim cannot be resolved by simply 'looking to' versus 'interpreting' the CBA." *Curtis*, 913 F.3d at 1153 (citations and alterations omitted).

Here, defendant's preemption argument rests on the first prong.  Plaintiff alleges defendant violated California Labor Code section 226.7 and IWC Wage Order 16.  As noted, California Labor Code section 226.7 provides default rest provisions, which do not apply to employees who are exempt from rest period requirements under an order of the IWC.  Cal. Lab. Code § 226.7(e).  IWC Wage Order 16 in turn provides the rest period provision does "not apply to any employee covered by a valid collective bargaining agreement if the collective bargaining agreement provides equivalent protection." Cal. Code Regs. tit. 8, § 11160(11)(E).  Defendant argues plaintiff's right to rest periods exists solely under the CBA because the CBA "provides nearly identical protections for employee rest periods" as the IWC Wage Order.  Notice of Removal at 2–3.  Plaintiff, however, argues the CBA does not provide equivalent protection, and therefore, his right to rest periods does not exist solely under the CBA.  *See* Mot. Remand at 6, 8.

According to an opinion letter issued by the Division of Labor Standards Enforcement (DLSE),[4] "[Wage] Order 16 differs from the other wage orders with respect to rest period provisions" in the following way: while "none of the other wage orders contain a collective bargaining agreement opt-out from rest period requirements[,] Order 16-2001 provides for a very restrictive collective bargaining agreement opt-out[.]" DLSE Opinion Letter at 3.[5] Although DLSE opinion letters are not binding, the court looks to opinion letters for guidance on what the phrase "equivalent provision" means. *See Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 958–59 (9th Cir. 2013) ("The DLSE's opinion letters, while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance." (quoting *Brinker Rest. Corp. v. Super. Ct.*, 53 Cal. 4th 1004, 1029 n.11 (2012))). In the opinion letter relevant here, the DLSE observes, "in order to provide 'equivalent protection,' the collective bargaining agreement would have to provide the same substantive requirements, both as to the right to rest periods and the right to premium pay for rest period violations." DLSE Opinion Letter at 3.

Although the CBA is similar to the IWC Wage Order in many ways, as noted, the CBA does not include the following two provisions: 1) an employer must "make-up the missed rest period within the same work day or compensate the employee for the missed ten (10) minutes of rest time at his or her regular rate of pay within the same pay period," Cal. Code Regs. tit. 8, § 11160(11)(B); *contra* CBA art. XIV ¶ 93, and 2) employers do not need to authorize rest periods "for employees whose total daily work time is less than three and one-half (3 ½) hours," *id.* § 11160(11)(C); *contra* CBA art. XIV ¶ 93. The CBA opt-out in Wage Order 16 is "very restrictive"—a CBA must provide an "equivalent protection." DLSE Opinion Letter at 3; *see* Cal. Code Regs. tit. 8, § 11160(11)(E). Here, the CBA does not provide equivalent protections and therefore, plaintiff's rights to rest periods arise solely from state law. *See Mauia v.*

---

[4] "The DLSE is the state agency empowered to enforce California's labor laws, including IWC wage orders." *Morillion v. Royal Packing Co.*, 22 Cal. 4th 575, 581 (2000) (internal marks and citation omitted).

[5] Department of Industrial Relations, Division of Labor Standards Enforcement, Opinion Letter on Wage Order 16 Rest Period Provisions (September 17, 2001).

*Petrochem Insulation, Inc.*, No. 18-01815, 2018 WL 3241049, at *8 (N.D. Cal. July 3, 2018) (similarly concluding CBA did not mirror protections provided in Wage Order 16 in part because it did not include provision requiring "employer to make up any missed rest period within the same work day or compensate the employee for the missed time at a regular rate of pay").

Defendant cites to *Rodriguez v. Gonsalves & Santucci, Inc.*, No. 21-07874, 2022 WL 161892, at *4 (N.D. Cal. Jan. 18, 2022) and argues "the court found in nearly identical circumstances that 'the wage provisions in the CBA are nearly identical to those in the wage order [Wage Order 16]. Thus, the plaintiff's right to rest periods is conveyed solely by the CBA.'" Mot. Remand Opp'n at 7. However, the CBA in *Rodriguez* included the two provisions missing from the CBA governing the parties here. *See* Req. Judicial Notice Ex. B, CBA at 30, *Rodriguez v. Gonsalves & Santucci, Inc.*, No. 21-7874 (N.D. Cal. Nov. 4, 2021), ECF No. 14-2.[6] Unlike in *Rodriguez*, the CBA governing these parties does not provide equivalent protections.

Alternatively, defendant argues "even if these protections are found to be inequivalent, Plaintiff's rest period claims are still exempted in light of the CBA's final and binding mechanism for resolving disputes regarding enforcement of the rest period provisions." Mot. Remand Opp'n at 6 (emphasis omitted). Defendant cites to *Thieroff v. Marine Spill Response Corp.*, No. 21-6075, 2022 WL 2965393, at *5 (C.D. Cal. June 6, 2022), in support. *Id.* In *Thieroff*, the court found the CBA provided equivalent protection for rest breaks because the CBA provided, "employees are authorized and permitted to take rest breaks 'as required by federal and state law.'" 2022 WL 2965393, at *5. Separately, in response to the plaintiff's argument that the CBA did not adequately incorporate Wage Order 16's remedies requirement, the court held the CBA did not need to "provide for the same one hour per day remedy described in section 11(D) of

---

[6] The court takes judicial notice of the CBA in *Rodriguez* and **grants** plaintiff's request. *See* Req. Judicial Notice, ECF No. 14; *see* Fed. R. Evid. 201(b)–(c); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) ("[Courts] may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." (internal marks and citations omitted)). Defendant's objection to the request as having no relation to this action is overruled. *See* Objs., ECF No. 20. Defendant cites to *Rodriguez* as persuasive authority that has "nearly identical circumstances" as this case, Mot. Remand Opp'n at 7. Determining whether *Rodriguez* presented "nearly identical circumstances" is directly relevant to what the terms of the CBA in that case were.

8

Wage Order 16" because the CBA provided a "final and binding mechanism for resolving rest period disagreements." *Id.* (citing *Zayerz v. Kiewit Infrastructure W.*, No. 16-6405, 2018 WL 582318, at *4 (C.D. Cal. Jan. 18, 2018). *Zayerz*, which *Thieroff* cites in support, held the CBA in that case provided equivalent protections because it provided a break period that was five minutes longer than what is mandated by the Wage Order and adopted the Wage Order's language regarding dispute resolution. 2018 WL 582318, at *4–5.

As an initial matter, as noted this court does not find the CBA in this case provides equivalent protections as the Wage Order. Unlike in *Thieroff* and *Zayerz*, the question here is not whether the CBA adequately incorporated the IWC Wage Order's remedies requirement. The IWC Wage Order only exempts employees covered by a CBA that provides fully equivalent protections. Cal. Code Regs. tit. 8, § 11160(11)(E). It does not exempt employees covered by a CBA providing a final and binding mechanism for resolving disputes. *See id.* § 11160(11)(D). Whether a court should compel this action to arbitration in accordance with the CBA's dispute resolution mechanism provision is a different question from whether this court has subject matter jurisdiction. Here, plaintiff's right to rest breaks arises out of state law and not the CBA. Defendant may raise the CBA and the dispute resolution provision as a defense to plaintiff's state law claims; however, "the presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987). Because the CBA does not provide equivalent protections, plaintiff's claims are not exempted by the CBA. Plaintiff's claims arise under state law. Plaintiff's rest break claims therefore are not preempted under the first *Burnside* prong.

Because plaintiff's right does not exist solely under the CBA, the court must ask whether plaintiff's state law rights are substantially dependent on the CBA. *Curtis*, 913 F.3d at 1153. "At this second step of the analysis, claims are only preempted to the extent there is an active dispute over the meaning of contract terms." *Id.* (internal marks and citations omitted). "[A] state law claim may avoid preemption if it does not raise questions about the scope, meaning, or application of the CBA." *Id.* Here, defendant has not shown and does not argue plaintiff's rights

are substantially dependent on the CBA; there is no active dispute over the meaning of the CBA's terms. *See generally* Notice of Removal; Mot. Remand Opp'n; *see also Sykes v. F.D. Thomas, Inc.*, No. 20-03616, 2021 WL 343960, at *2 (N.D. Cal. Feb. 2, 2021) ("The defendants have not shown that there is a dispute involving the relevant CBA terms or that particular requirements of the CBA involving rest periods will require more than a simple application."). Plaintiff's rest break claims are not preempted by the second *Burnside* prong.

Defendant has not met its burden of showing removal is proper. The court has no subject matter jurisdiction over plaintiff's state law claims. The case is remanded back to state court.

### IV. CONCLUSION

For the reasons above, the court **grants** plaintiff's motion to remand. Defendant's motion to dismiss and motion to compel arbitration are **denied as moot**. The Clerk of the Court is directed to **remand** this case to the Superior Court for the State of California in and for the County of Sacramento, and to **close** this case.

This order resolves ECF Nos. 8, 9 and 10.

IT IS SO ORDERED.

DATED: December 6, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE